**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wealth Rescue Strategies, Inc., an Arizona corporation; and Chris L. Jones, a married man,<br><br>             Plaintiffs,<br><br>vs.<br><br>Robert W. Thompson and Sally Thompson, husband and wife; First Alliance Corporation, a Texas corporation; and Nu-Source Financial Group, a Texas corporation,<br><br>             Defendants. | No. CV08-1700-PHX-DGC<br><br>**ORDER** |

Defendants have filed a motion to transfer venue or, alternatively, to dismiss. Dkt. #12. The Court will transfer this case to the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1406(a).

**I.    Background.**

Plaintiffs' verified complaint asserts nine claims against Defendants arising out of a joint venture agreement between Plaintiff Chris Jones and Defendant Robert W. Thompson. The claims include breach of contract, breach of fiduciary duty, tortious interference with contract, tortious interference with business expectancies, conversion, slander, and unjust enrichment. Two counts seeks the remedies of constructive trust and injunctive relief. Dkt. #1 at 5-10.

1 Jones and Thompson are securities representatives with Walnut Street Securities, Inc.
2 Dkt. #22 at 1; Dkt. #1 at 3; Dkt. #10 at 2. They became acquainted through training,
3 conferences, and other work-related events. *Id.* In 2004, Jones began to pool the investments
4 of small investors in order to achieve a combined investment large enough to be managed by
5 top-rated asset managers. Dkt. #23-2 at 2. In 2005, Jones and Thompson agreed to enter a
6 joint venture to implement this business method. Jones was to provide the business plan and
7 his relationship with GE Private Asset Management (later acquired by Genworth Financial
8 Asset Management, an Arizona corporation), and Thompson was to contribute his clients
9 and contacts in the Houston area. Dkt. #1 at 3-4. Jones and Thompson agreed to split the
10 management fees 50% each, or in some cases 50% to Jones, 25% to Thompson, and 25% to
11 a third person. Dkt. #1 at 4; Dkt #10 at 3. The fee splitting arrangement was documented
12 in agreements between the individual investors and Genworth, the asset management
13 company. Dkt. #1 at 4; Dkt #10 at 3. Administrative services for the individual accounts
14 were to be provided by Genworth and Quanta Pension, an Arizona corporation. Dkt. #23-2
15 at 4.

16 Plaintiffs allege that, in October of 2007, Thompson directed the joint venture clients
17 to instruct Genworth to discontinue all payments to and communications with Jones and to
18 instruct Quanta Pension to discontinue all communications with Jones. Dkt. #23-2 at 4.
19 Plaintiffs also allege that Defendants received commissions that should have been paid to
20 Plaintiffs and that Thompson made defamatory statements to clients. Dkt. #1 at 8.

21 **II.    Legal standard.**

22 When venue is challenged, the burden is on the plaintiff to establish that venue is
23 proper.[1] *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.
24 1979); *see also Kelly v. Qualitest Pharm., Inc.*, No. CIV-F-06-116 AWI LJO, 2006 WL
25 2536627 * 7 (E.D. Cal. 2006); *Cummings v. W. Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144,

---

[1] Plaintiffs are correct that Defendants bear the burden in a motion to transfer under 28 U.S.C. § 1404(a), but Plaintiffs bear burden in a motion under 28 U.S.C. § 1406(a).

1149 (D. Ariz. 2001). Plaintiffs allege that venue is proper in Arizona under 28 U.S.C. § 1391(a)(2) because Arizona is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). In applying this statute, the adjective "substantial" must be taken seriously. "[S]ignificant events or omissions material to the plaintiff's claim must have occurred" here. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005). Venue must be proper for each claim and each defendant. *Bearse v. Main Street Inv.*, 170 F. Supp. 2d 107, 116 (D. Mass. 2001).

**III.    Venue Is Not Proper in the District of Arizona.**

Plaintiffs contend that venue is proper because the individual investment accounts are administered in Arizona, by Arizona corporations. Dkt. #23 at 7. But the claims in this case arise out of actions of Defendants, not administration of the accounts.

Plaintiffs also assert that venue is proper because Jones used Wealth Rescue, an Arizona corporation, "as a platform" to participate in the venture with Thompson. *Id.* Wealth Rescue's only connection to this case, however, is that Jones assigned his commissions to and paid operating expenses from Wealth Rescue. Dkt. #23-2 at 2. Plaintiffs have not shown that Wealth Rescue was a party to the joint venture or otherwise involved in the wrongs alleged in the complaint.

Plaintiffs further contend that venue is proper because Thompson made one trip to Arizona while negotiating the joint venture. Dkt. #23-2 at 2-3. Defendants deny that Thompson traveled to Arizona, and Plaintiffs contradict their own assertion about his travel in their response brief. *See* Dkt. #12 at 4; Dkt. #23 at 7. But even assuming Thompson did travel once to Arizona during negotiations, that trip does not amount to a substantial part of the events giving rise to Plaintiffs' claims.

Moreover, an examination of each claim asserted by Plaintiffs shows that the claims are only marginally related to this state. The claim for conversion presumably is based on Defendants' receipt of Jones' commissions, which would have occurred in Texas where all Defendants are located. Dkt. #1 at 8; Dkt. #12 at 12. The claim for slander is based on defamatory statements made by Thompson, a Texas resident, to individual investors

- 3 -

presumably located in Texas.[2] The claims for breach of contract, breach of fiduciary duty, tortious interference with contract, tortious interference with business expectancies, and unjust enrichment stem from the directives provided by Thompson to investors located in Texas. *Id.* at 5-10; Dkt. #23-2 ¶¶ 12-13.

In short, although Plaintiffs have identified some connections to Arizona, the Court finds them to be only marginally related to the claims in this case. "Events or omissions that might only have some tangential connection with, or no real relationship to, the claims in litigation are not sufficiently 'substantial' to support venue." *Kelly v. Qualitest Pharm., Inc.*, 2006 WL 2536627, at *8.

## VI. Transfer.

Given this conclusion, the Court has discretion to dismiss this case or, in the interest of justice, transfer it to a district where it could have been brought. 28 U.S.C. § 1406(a). The Court will exercise its discretion to transfer this case to the Southern District of Texas, Houston Division, where most of the events giving rise to these claims occurred.

**IT IS ORDERED:**

1. Defendants' motion to transfer (Dkt. #12) is **granted**.
2. The Clerk is directed to transfer this case to the Southern District of Texas, Houston Division.
3. Defendants' alternative motion to dismiss (Dkt. #12) is **denied** as moot.

DATED this 30th day of September, 2008.

David G. Campbell
United States District Judge

---

[2] Plaintiffs have failed to assert that any joint venture clients are found outside of Texas, and Thompson adamantly denies he has clients in Arizona. *Id.*; Dkt. #12 at 11.